UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DEANGELO GOTT | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No.: 20-cv-862 |
| | : |
| ASTRAZENECA | : |
| PHARMACEUTICALS LP, et al., | : |
| | : |
| Defendants. | : |
| | : |

## NOTICE OF REMOVAL

Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP[1] ("AstraZeneca"), and Merck Sharp & Dohme Corporation, incorrectly named as Merck & Co., Inc. d/b/a Merck Sharp & Dohme Corporation ("Merck") (collectively, the "Removing Defendants") under 28 U.S.C. §§ 1332, 1441, and 1446, hereby file their Notice of Removal of this case from the Hamilton County, Ohio Court of Common Pleas, to the United States District Court for the Southern District of Ohio, Western Division. As grounds for removal, the Removing Defendants state:

## INTRODUCTION

1. On May 31, 2019, Plaintiff filed a Complaint ("Complaint") in the Hamilton County, Ohio Court of Common Pleas, in an action entitled <u>Deangelo Gott v. AstraZeneca Pharmaceuticals LP, et al.</u>, Case No. A 1902702. A copy of the state court pleadings, including the Complaint, is attached hereto as <u>Exhibit A</u>.

2. Plaintiff seeks damages as a result of alleged conduct by Defendants arising from the alleged use of certain prescription and over the counter medications, known as proton pump

---

[1] As set forth herein, Defendant AstraZeneca LP dissolved as a legal entity on December 31, 2018.

1

inhibitors ("PPIs"). *See* Complaint ¶¶ 1-5. More specifically, the Complaint alleges that Plaintiff took the PPI products Prilosec and Prilosec OTC "from at least approximately January 2000 to January 2010", and that "as a direct and proximate result of Plaintiff's use of the PPI(s), Prilosec and Prilosec OTC, Plaintiff has suffered and was treated for Chronic Kidney Disease ("CKD") and End-Stage Renal Disease ("ESRD") since approximately February 2012 with related sequelae. *See* Complaint ¶ 7(a)-(b).

3. Plaintiff asserts a variety of theories of liability, including Strict Product Liability (Count I), Strict Product Liability – Design Defect (Count II), Strict Product Liability – Failure to Warn (Count III), Negligence (Count IV), Negligence Per Se (Count V), Negligence – Failure to Test (Count VI), Strict Products Liability Due to Non Conformance With Representations Pursuant to R.C. 2307.77 (Count VII), Breach of Express Warranty (Count VIII), Breach of Implied Warranty (Count IX), Negligent Misrepresentation (Count X), Fraud and Fraudulent Misrepresentation (Count XI), Gross Negligence (Count XII), Fraudulent Concealment (Count XIII), and Violation of Consumer Protection Laws And Deceptive Trade Practices (Count XIV). All Counts of the Complaint are asserted against all Defendants, and all Counts state that they are asserted "pursuant to all laws that may apply according to choice of law principles, including the law of the Plaintiff's resident State." *See, e.g.*, Complaint, ¶ 153.

4. This is one of thousands of cases that have been filed recently in both state and federal courts across the country involving PPI medications and allegations of kidney injury. On August 2, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order directing that then-pending federal PPI-related cases be transferred and coordinated for pre-trial proceedings in the United States District Court for the District of New Jersey, before the Honorable Claire C. Cecchi, pursuant to 28 U.S.C. § 1407. *See* Transfer Order, *In re Proton-*

*Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789 (D.N.J.) attached hereto as Exhibit B.  Additional PPI-related cases pending in federal court, which are common to the actions previously transferred to the District of New Jersey and assigned to Judge Cecchi, are treated as potential tag-along actions.  *See id.*; *see also* Rules 7.1 and 7.2, R.P.J.P.M.L. (2016).  Defendants intend to seek the transfer of this action to that Multidistrict Litigation, *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the Rules and Procedures of the JPML.

## THE NOTICE OF REMOVAL IS TIMELY

5.      Plaintiff filed her Complaint on May 31, 2019.  *See* Complaint. Defendants The Procter & Gamble Company, The Procter & Gamble Manufacturing Company, and The Procter & Gamble Distributing LLC (the "Procter & Gamble Defendants") were dismissed under Ohio Civil Rule 41(a) on October 9, 2020.  Accordingly, removal is timely because this action as stated by the Complaint was not removable at the time of filing because: 1) the Procter & Gamble Defendants are citizens of the State of Ohio for diversity purposes in that they are incorporated in the state of Ohio and have their principal places of business in the state of Ohio; and 2) this Notice of Removal is being filed within thirty (30) days of receipt by the Removing Defendants of the Notice of Dismissal of the Procter & Gamble Defendants, from which it may first be ascertained that the case is one which has become removable.  See 28 U.S.C. § 1446(b)(2).  Although this removal is filed more than a year after the commencement of the action, the time limit in 28 U.S.C. § 1446(c) is waivable and is not jurisdictional. *See Music v. Arrowood Indem. Co.*, 632 F.3d 284, 286-7 (6th Cir. 2011).  Plaintiff has agreed not to assert that removal of this case is untimely, and accordingly, the one-year limitation on removal has been

3

waived, and therefore this case has timely been removed. No previous application for removal has been made.

## BASIS FOR SUBJECT-MATTER JURISDICTION IN THIS COURT

**The Requisite Diversity of Citizenship is Satisfied.**

6. As explained in further detail below, this Court has original jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship between Plaintiff and each of the remaining Defendants exists, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Plaintiff is, and at the time of the filing of the Complaint was, a citizen of Ohio. *See* Complaint, ¶ 7.

8. Defendant AstraZeneca Pharmaceuticals LP is, and at the time of the filing of this action was, a Delaware limited partnership with its principal place of business in Delaware. Partnerships assume the citizenship of their general and limited partners. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (U.S. 1990) (partnerships assume the citizenship of their general and limited partners). AstraZeneca Pharmaceuticals LP's general partner is, and at the time of the filing of this action was, AstraZeneca AB, a Swedish corporation with its principal place of business in Sweden. AstraZeneca Pharmaceuticals LP's sole limited partner is, and at the time of the filing of this action was, Zeneca Inc., a Delaware corporation with its principal place of business in Delaware. Thus, for purposes of determining diversity jurisdiction in this action, AstraZeneca Pharmaceuticals LP is deemed to be a citizen of Delaware and Sweden.

9. Defendant AstraZeneca LP dissolved as a legal entity on December 31, 2018. However, previously, AstraZeneca LP was a Delaware limited partnership with its sole partner as AstraZeneca Pharmaceuticals LP. Thus, its prior citizenship is irrelevant for purposes of this

removal. In any event, AstraZeneca LP was deemed to be a citizen of Delaware and Sweden prior to its dissolution.

10. Defendant Merck Sharp & Dohme Corporation, incorrectly named as Merck & Co., Inc. d/b/a Merck, Sharp & Dohme Corporation, is, and at the time of the filing of this action was, a New Jersey corporation with its principal place of business located in New Jersey. It therefore is a citizen of New Jersey under 28 U.S.C. § 1332(c)(1).

11. None of the properly joined Defendants is a citizen of Ohio, the state where Plaintiff is a citizen and the forum state. Complete diversity of citizenship therefore exists between Plaintiff and the remaining Defendants under 28 U.S.C. § 1332(a). Further, no properly joined Defendant is a citizen of Ohio, the forum state, and therefore 28 U.S.C. § 1441(b)(2) does not bar removal.

**The Requisite Amount in Controversy Is Satisfied.**

12. Plaintiff does not allege a specific amount in controversy in her Complaint. However, in Paragraph (a) of her demand for relief, she seeks an award of compensatory damages "in excess of $75,000" for items such as "pain, suffering, discomfort, physical impairment, emotional distress, loss of enjoyment of life, loss of consortium, wrongful death and other noneconomic damages." Complaint, prayer for relief, ¶ a. The Complaint thus satisfies the amount in controversy requirement based upon its demand for noneconomic damages alone. In addition, Plaintiff seeks an award of economic damages in the form of unspecified medical expenses, out of pocket expenses, lost earnings and other economic damages (*Id.*, ¶ b), punitive and/or exemplary damages (*Id.*, ¶ c), as well as attorney's fees (*Id.*, p. 69 ¶ f). On its face, therefore, the amount in controversy as to Plaintiff exceeds $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's

notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("unspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332").

13. Moreover, Plaintiff alleges that "Plaintiff has suffered and was treated for Chronic Kidney Disease ("CKD") and End-Stage Renal Disease ("ESRD") since approximately February 2012 with related sequelae". *See* Complaint ¶ 7(b).

14. In light of the severity of the allegations, the preponderance of the evidence demonstrates there is a reasonable possibility that the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. In addition, related complaints alleging similar injuries have been filed in federal court and seek in excess of the jurisdictional minimum for federal diversity jurisdiction. *See, e.g.*, *Wilkerson v. AstraZeneca Pharmaceuticals LP et al.*, 2:17-cv-00215-CCC-MF (D.N.J., January 11, 2017) at ¶¶ 17, 58 (alleging "Renal/Kidney Failure" and that "the amount in controversy exceeds $75,000 exclusive of interest and costs"). As noted above, these matters have been transferred to the *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789 (D.N.J.), MDL proceeding and this case, as a related action, will be tagged and transferred accordingly as a "tag along" action. Accordingly, the jurisdictional amount as required for original jurisdiction in this Court under 28 U.S.C. § 1332(b) is satisfied.

## **PROCEDURAL REQUIREMENTS**

16.     The Removing Defendants will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice with the Hamilton County Clerk of Court, as required by 28 U.S.C. § 1446(d).

17.     The Procter & Gamble Defendants have been dismissed and therefore their consent to removal is not required.

18.     The United States District Court for the Southern District of Ohio, Western Division, is the district court for the United States for the district and division embracing the place where the action is pending and has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Pursuant to Local Rule 82.1(b), the Court sitting in Cincinnati is the appropriate venue.

19.     If any question arises as to the propriety of the removal of this action, the Removing Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this action is properly removable.

20.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any Defendants' right to assert any defense or affirmative matter, including, without limitation, the defenses of (a) lack of jurisdiction over the person; (b) improper venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party(ies); (h) lack of standing; or (i) any other procedural or substantive defense available under state or federal law.

21.     The Removing Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, the Removing Defendants respectfully request that this cause be removed from the Hamilton County Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and that this Court grant all other appropriate relief.

        Respectfully submitted,

        ICE MILLER LLP


        */s/ Daniel Anderson*
        Daniel M. Anderson (0067041)
        Trial Attorney
        250 West Street, Suite 700
        Columbus, OH 43215
        P: (614) 462-2700
        F: (614) 462-5135
        Daniel.Anderson@icemiller.com
        *Counsel for the Removing Defendants*


OF COUNSEL:
Lydia Reback (0097766)
Ice Miller LLP
250 West Street
Columbus, Ohio 43215
Tel: (614) 462-2700
Fax: (614) 462-5135

Lydia.Reback@icemiller.com
*Counsel for the Removing Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 30, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to:

John D. Holschuh, Jr.
Brian P. O'Connor
John D. Holschuh III
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
Counsel for Plaintiff

*/s/ Daniel Anderson*